IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-CR-160 |
| v. ) | |
| ) | |
| RICKY WILLIAMS CLINE, ) | (VARLAN / SHIRLEY) |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Cline's Motion for Production of Specific Brady Discovery [Doc. 52], filed on August 31, 2016. The parties appeared before the undersigned for a motion hearing on September 8, 2016. Assistant United States Attorney Cynthia F. Davidson represented the United States. Attorney Michael B. Coleman represented Defendant Cline, who arrived for the end of the hearing.

The motion asks the Court to order the Government to produce "the official procedural manuals relating to the production, filing and storing of official records at the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) and [the] Tennessee Wildlife Resources Agency (TWRA)." [Doc. 52, p.1] The Defendant asserts that three written reports created "relatively contemporaneously" to the events underlying his charged offense by TWRA agents at the request of the ATF are missing and cannot be produced by either the TWRA or the ATF. Citing to Brady v. Maryland, 373 U.S. 83 (1963), the Defendant argues that the requested

1

manuals are discoverable because (1) he believes them to contain exculpatory information and (2) they are material to his defense.

At the September 8 hearing, AUSA Davidson stated that, although the Government contends that the requested policy manuals are not <u>Brady</u> materials, it has provided defense counsel with the policy manual for the TWRA. With regard to the ATF manual, AUSA Davidson stated that the ATF required that the parties enter into a protective order before releasing that portion of its policy regarding witness statements. AUSA Davidson suggested, in the alternative, that the parties stipulate that the loss of a witness statement is against ATF policy. Mr. Coleman agreed that the Government had provided the TWRA policy manual and agreed to the proposed stipulation. He also stated that given the stipulation, he no longer needed the ATF policy manual. AUSA Davidson read the stipulation into the record. Mr. Coleman stated that his motion for production of the policy manuals was now moot, because the Government had provided the TWRA manual and the parties had entered into a stipulation with regard to the ATF policy on witness statements.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." <u>Brady</u>, 373 U.S. at 87. Favorable evidence includes evidence tending to impeach a government witness. See <u>Giglio v. United States</u>, 405 U.S. 150, 154-55 (1972). In the instant case, the Court's Order on Discovery and Scheduling addresses the Government's obligation in this regard:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97

2

(1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 5, ¶E] Thus, the Court finds that it has already ordered the Government to turn over materials within the scope of Brady.

The Court questions whether the TWRA and ATF policies relating to the production and storage of witness statements constitute "Brady material" in that they do not appear to the Court to be material to the Defendant's guilt or punishment. However, the Court can envision that the Defendant may want to use the requested policies for impeachment purposes. In any event, the Court does not have to decide whether the requested policy manuals are more properly characterized as exculpatory evidence or as impeaching evidence, because the parties agree that the motion is moot. The Government has provided the requested TWRA manual, and the parties have stipulated that it is against ATF policy to lose a witness statement. Accordingly, the Defendant no longer requires a court order to obtain the requested information, and his Motion for Production of Specific Brady Discovery [**Doc. 52**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge