UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| RICKY WILLIAMS CLINE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:21-CV-177-TAV-DCP |
| | ) | 3:14-CR-160-TAV-DCP-1 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Ricky Williams Cline has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, as well as a request for the appointment of counsel to represent him in this § 2255 proceeding [Doc. 102; Case No. 3:21-cv-177, Doc. 1].[1] In his motion, petitioner presents one claim—that his guilty plea was not knowing and voluntary in light of the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The government has responded in opposition to petitioner's § 2255 motion [Case No. 3:21-cv-177, Doc. 3]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 102; Case No. 3:21-cv-177, Doc. 1] will be **DENIED**.

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

**I. Background**

On March 21, 2017, petitioner entered a guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [Docs. 75, 77]. As part of the factual predicate for the plea agreement, petitioner agreed that he had previously been convicted of a crime with a term of imprisonment exceeding one year, namely, a 1995 Burlington County, New Jersey felony conviction for promoting prostitution, a 2001 New Jersey felony conviction for burglary, a 2002 New Jersey felony conviction for burglary, and a 2006 Monroe County, Tennessee felony conviction for aggravated assault [Doc. 75 ¶ 3]. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), petitioner and the government agreed that the appropriate sentence would be a sentence at the bottom of the applicable sentencing guidelines [*Id.* ¶ 5]. In consideration for the concessions the government made in the plea agreement, he agreed to waive his rights to direct appeal, and his right to file any motion under § 2255 or otherwise collaterally attack his conviction or sentence, unless based on prosecutorial misconduct or ineffective assistance of counsel [*Id.* ¶ 9(a)–(b)].

The presentence investigation report ("PSR") calculated petitioner's total offense level as 20, based on an offense level of 20 applicable due to his prior felony conviction for a crime of violence or controlled substance offense, a 2-level enhancement for obstruction of justice, and a 2-level reduction for acceptance of responsibility [Doc. 80 ¶¶ 16, 20, 23, 25]. With a criminal history category of V, the PSR calculated petitioner's advisory guideline range as 63 to 78 months' imprisonment [*Id.* ¶¶ 39, 64]. Petitioner,

through counsel, objected to the application of the obstruction of justice enhancement and the lack of a third point reduction for acceptance of responsibility [Doc. 83]. The Court ultimately concluded that the PSR correctly calculated petitioner's guideline range [Doc. 100, p. 1], and sentenced petitioner to a low-end sentence of 63 months' imprisonment [Doc. 99, p. 2].

In his § 2255 motion, petitioner notes that, in *Rehaif*, the Supreme Court stated that the government must prove beyond a reasonable doubt that a defendant knew that he was in a class of persons prohibited from possessing a firearm under law [Doc. 102, p. 3; Case No. 3:21-cv-177, Doc. 1, p. 3]. He contends that, when he entered his guilty plea, he was not aware of all of the elements of his offense, and therefore his plea was not voluntary [*Id.*]. Petitioner asks that the Court appoint him counsel based on these facts [*Id.* at 4].

The government responds that petitioner is not entitled to appointed counsel, and, in this case, the interests of justice do not require the appointment of counsel [Case. No. 3:21-cv-177, Doc. 3, pp. 2–3]. The government further contends that petitioner's claim is procedurally defaulted and meritless [*Id.* at 3]. The government argues that the claim is procedurally defaulted because it was not raised on direct appeal and petitioner has not raised any basis to excuse his procedural default [*Id.*]. Further, the government contends that petitioner's claim is meritless because he has not disclaimed knowledge of his prohibited status nor attempted to show that he would not have pleaded guilty if he had been instructed in accordance with *Rehaif* [*Id.*].

3

**II.     Legal Standard**

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ."  28 U.S.C. § 2255.  To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).

**III.    Analysis**

    **A.    Appointment of Counsel**

Petitioner does not have a constitutional right to counsel in mounting a collateral attack on his conviction or sentence.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Instead, the Criminal Justice Act provides that the Court may appoint counsel to represent a petitioner in a § 2255 proceeding if the Court determines that the interests of justice so require.  18 U.S.C. § 3006A; *see also* 28 U.S.C. § 2255(g) (permitting the court to consider the appointment of counsel in "proceedings brought under this section").

4

In deciding whether to appoint counsel in a civil case, the Court considers whether exceptional circumstances exist by examining the following factors: (1) "the type of case," (2) the litigant's "abilit[y] to represent himself," and (3) the "complexity of the factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (internal quotations omitted). Generally, this Court does not appoint counsel in a collateral attack upon a conviction or sentence unless it has determined that a hearing on the § 2255 motion is necessary. *Vinson v. United States*, 235 F.2d 120, 122 (6th Cir. 1956); *United States v. Wooden*, No. 1:03-cr-66, 2008 WL 5110790, at *2 (E.D. Tenn. Nov. 26, 2008) (holding that the court "cannot appoint counsel at government expense to provide legal advise and represent [a criminal defendant] prior to the filing of a § 2255 motion").

As noted above, the Court finds that an evidentiary hearing is not necessary in this case. *See* Rule 8 of the Rules Governing Section 2255 Proceedings. Moreover, the Court finds that petitioner has not demonstrated exceptional circumstances requiring the appointment of counsel. *See Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970) (observing that the court assumes an individual "in custody can recall sufficiently the circumstances of a non-frivolous error to frame an appropriate motion to vacate sentence"). Accordingly, petitioner's request to appoint counsel for his § 2255 proceeding is **DENIED**.

### B. Procedural Default

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614,

5

621 (1998). A claim that a plea is not intelligent because the information provided by the Court at the plea colloquy was erroneous can be "fully and completely addressed on direct review[,] and thus, is procedurally defaulted if not first raised on direct review. *Id*. at 622. If a claim is procedurally defaulted because a petitioner has not raised it on direct appeal, he may only raise it in a collateral attack if he can demonstrate cause and actual prejudice or that he is "actually innocent." *Id*. The "actual innocence" standard requires a finding of factual innocence, not mere legal insufficiency. *Id*. at 623.

Petitioner's claim that his plea was not knowing and voluntary is procedurally defaulted because he did not file a direct appeal raising this claim. Although Petitioner agreed to an appeal waiver as part of his plea agreement, a claim challenging the validity of his plea would have been excepted from this waiver. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("where a defendant argues that his plea was not knowing or voluntary . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of [the] claim challenges the very validity of the waiver itself" (internal citation omitted)). Petitioner's claim that he was not informed of all the elements of the offense of conviction could have been fully and completely addressed on direct appeal, and, because petitioner failed to raise this claim on direct appeal, it is procedurally defaulted. Moreover, petitioner has not asserted any cause and prejudice for his failure to raise this claim on direct review. Accordingly, this claim is procedurally defaulted and will be **DENIED** for that reason.

## C. Timeliness

Further, the Court finds that, even if petitioner's *Rehaif* claim was not procedurally defaulted, it would nevertheless be untimely. The criminal judgment against petitioner was entered on December 21, 2017 [Doc. 99], and petitioner filed the instant motion on May 26, 2020 [Doc. 102]. The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(1), (f)(3).

When a defendant does not file a direct appeal, conviction becomes final "upon the expiration of the period in which [petitioner] could have appealed to the court of appeals." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Here, that was 14 days after the judgment was entered on December 21, 2017 [Doc. 99]. *See* Fed. R. App. P. 4(b)(1)(A)(i). Petitioner's conviction thus became final on January 4, 2018, and his § 2255 motion would be due one year later on January 4, 2019.

Under the third provision, the statute of limitations may commence on the date a right has been newly recognized by the Supreme Court and made retroactive. Petitioner appears to rely on *Rehaif* as newly recognizing the right involved in his claim. *Rehaif* was

decided on June 21, 2019, therefore, if *Rehaif* did in fact newly recognize a right that is retroactive on collateral review, petitioner's May 26, 2020 motion is timely.

"While the Sixth Circuit has not yet addressed Rehaif's application under § 2255(f)(3)," many courts in this Circuit have found "that the Supreme Court has not said that Rehaif applies retroactively." *United States v. Stevenson*, No. 17-cr-251, 2021 WL 4987610, *1 (N.D. Ohio Oct. 27, 2021). As this district has explained, *Rehaif* "merely 'clarified' the felon-in-possession statute, it did not announce a new rule of constitutional law that is retroactive on collateral review." *Prather v. United States*, Nos. 3:19-cv-127, 3:17-cr-132, 2021 WL 1721848, at *5 (E.D. Tenn. Apr. 30, 2021).

The Court agrees with the majority of courts in this Circuit that *Rehaif* did not announce a new rule of constitutional law that is retroactive on collateral review, and instead, merely clarified the felon-in-possession statute. Accordingly, petitioner cannot rely on the date of the *Rehaif* decision to render his claim, filed more than two years after judgment was entered, timely. Thus, even if petitioner's claim was not procedurally defaulted, it would nonetheless be untimely, and therefore, on this alternative ground, his claim will be **DENIED**.

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence and appoint counsel [Doc. 102; Case No. 3:21-cv-177, Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will

**CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9

Case 3:14-cr-00160-TAV-DCP   Document 104   Filed 11/05/21   Page 9 of 9   PageID #: 983